Porter, J.
delivered the opinion of the court. The plaintiff purchased of the defendant a tract of land, and in the act of sale gave a special mortgage on the premises, and an obligation to pay the price at certain periods.
The money not being paid as the instalments fell due, the vendor applied for an order of seizure and sale of the property mortgaged. This order was granted by the district judge, and afterwards enjoined on the *692 application of the present plaintiff, who in his player for the injunction relied principally on two grounds; first, that the act was written in the French language, and second, that it did not amount to a confession of judgment.
East'n District.
Feb. 1823.
On a hearing of the cause the injunction was dissolved, and the plaintiff appealed.
The case as it stands before us, offers but two questions for consideration; they are, however, of considerable importance.
The first is, whether an order of seizure and side can issue on an authentic act written in the French language.
The second is, whether the act must not contain something more than an acknowledgment of the debt, and a mortgage for its security. Whether it must not contain also a confession of judgment.
I. The constitution, in the 15th section of the 6th article, has provided, that the public records of the state, and the judicial and written legislative proceedings of the same, shall he preserved and conducted in the language in which is written the constitution of the United States. The inquiry in respect to the instrument which has given rise to the *693 questions agitated in this case, will be best conducted by considering if this be one of the public records of the state? or if not, is it a judicial proceeding?
The act of congress, which enabled the people of the late territory of Orleans to form a constitution and state government, prescribed a condition which, had it been accepted as proposed, would have raised a very serious question, whether any instrument of writing could be made a matter of record in this state, unless it was done so in the language in which the constitution of the United States is written. Its words were, "that the records of every description shall be conducted in the language," &c. The convention, however, declined acceding to the proposition, and forwarded a constitution in winch they provided, not that the records of every description, but that the public records of the state should be preserved in that language. Congress admitted us with this modification. Martin's Digest, vol. 1, 114, 212, 222; Bioren's laws U. States. 4, 402.
These expressions “ public records of the state” we understand to mean all acts done by her in her political and sovereign capacity *694 the memorials of which it is necessary to preserve. Records of the transactions of private individual, although directed to be enregistered in particular offices, do not make a part of the public records of the state as such; they form no portion of her proceedings in that character; they are records in the state, not of it.
This construction is strengthened when we compare the proposition made by congress, with that which the people of Louisiana returned to that body in lieu of it, and which was accepted. In place of records of every description, they proposed, the public records of the state should be preserved in the language in which is written the constitution of the United States. The change of phraseology on this matter, when that proposed by congress was implicitly and literally pursued in regard to legislative and judicial proceedings marks clearly their intention then, and furnishes us now with a sate guide in interpreting the language by which they sought to give that intention effect.
The knowlege of this intention is aided by recurring to the sense in which those expressions were understood at the time the constitution was formed by the members of *695 the convention, whose vernacular language was French, and many of whom were well acquainted with English. In the instrument drawn up in the former language, and which was signed by all the individuals composing that body, the corresponding terms, to "public records of the state," are "les archives de cet etat" words which certainly do not convey the idea of the record of the transactions of two individuals in a notary’s office.
On the next question, whether this is a judicial proceeding, we think there is as little difficulty as that just decided. Nothing can be considered a judicial proceeding, at which a judge does not preside, or which is not done by his order, either express or implied. The act of sale and mortgage, passed before the notary, was a voluntary act of the parties executed before a person possessing no judicial authority. It is not a judgment of itself, for no clerk or other ministerial officer could issue execution on it as in the case of judgments in our courts. It is the evidence furnished by the party to obtain judgment: evidence which the judge must examine to ascertain if a debt is due, on which he must decide, and on which he in fact renders judgment *696 when he accedes to the prayer of the vendor, that the vendee be compelled to execute his argreement. Under our law, to be sure, this judgment is carried one step further than in that of the via ordinaria; for it directs what species of execution shall issue, but it is still not less judgment on that account. This position we think will appear incontrovertible when we examine the second point made in the cause, namely, whether it is necessary that a public act, which authorizes an order of seizure and sale, should contain a confession of judgment.
II. A difference of opinion and practice has prevailed in this state since the enactment of our Civil Code, on this subject; and the writers on the Spanish law are by no means uniform in the opinions which they express in respect to it. We have given to the question very considerable attention.
The Code provides, that if the title of the mortgagee amount to a confession of judgment (emporte execution parée) he may, on making oath that the debt is due, obtain an order for the immediate seizure of the property mortgaged. Civil Code, 460, art. 40.
If the law just quoted had went further *697 than it does, and declared in express terms what species of act amounted to a confession of judgment, it would still have left the ancient laws in force and vigour; for in saying that on a title of that kind execution may issue, it uses no negative expressions, and it would not be inconsistent with the affirmative terms, in which this proposition is announced, that it should also issue on others. De Armas' case, 10 Martin. 158.
But the provision cited does not go so far. It leaves us to inquire from some other of our laws, what "amounts to a confession of judgment," what kind of instrument it is which will emporte execution parée.
The writers on Spanish jurisprudence, as has been already observed, hold different opinions on this point. Some of them insisting, that an instrument, which will authorize an order of seizure and sale, must contain what they call la clausula guarentigia, which is conferring power on the judges to execute the engagement expressed in it, in the same manner as if it had received the definite sentence of the judge, or passed into the authority of cosa juzgada, Frebrero, p. 1, cap. 4, § 4 n. 88. Others state, that it sufficient if the act is *698 a public one, and that it is not necessary that the clause first mentioned should be inserted in it. The weight of authority appears to us decidedly in favour of the latter opinion, and that opinion is conformable to the 1st law of the 28th title of the novissima recopilacion, book 11th, Febrero p. 2, lib. 3, cap. 2, § 1, n. 28. Curia Phillipica, p. 2, § 7, instrumento n. 1. Gomez comment, in leg. Taur. 64. Salade derecho, vol. 2, 3, 15. Villadiego instruc. pol. cap. 2, 7, p. 32. Parladoria, rerum quot. lib. 2, part, 1, cap. fin. § 11, 5 & 6. Curia Phillipica, illustrada, vol. 1, part 2, § 7, n. 1. The concurrence of this court with the doctrine which these authors teach, has already been expressed in the case of Day vs. Fristoe, 7 Martin, 239.
Livermore for the plaintiff, Moreau and Dumoulin for the defendant.
On the whole, we think the order of seizure and sale properly issued in this case, and we do therefore order, adjudge and decree, that the judgment of the district court, dissolving the injunction, be affirmed with costs.